**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6860**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KENNY CARTER, a/k/a Blaze,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00351-JFA-1)

---

Submitted:  December 23, 2025                    Decided:  December 31, 2025

---

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Vacated in part and remanded with instructions by unpublished per curiam opinion.

---

Michael Kenny Carter, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kenny Carter seeks to appeal the district court's order denying his Motion for Void Judgment pursuant to Fed. R. Civ. P. 60(b).[*] We have reviewed the record on appeal and conclude that Carter's Rule 60(b) motion was actually a second or successive 28 U.S.C. § 2255 motion because he sought to collaterally attack his conviction and the district court previously adjudicated his first § 2255 motion on the merits. Carter did not obtain authorization from this court to file a second or successive § 2255 motion, and, thus, the district court lacked jurisdiction to consider Carter's motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). As a result, we "vacate the [portion of the] order denying [Carter's Motion for Void Judgment] and remand to the district court with instructions to dismiss the motion." *Id.* at 208.

Next, consistent with our decision in *Winestock*, we construe Carter's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Carter's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h).

Accordingly, we vacate the portion of the district court's order denying the Motion for Void Judgment and remand with instructions to dismiss that motion for lack of

---

[*] The district court's order also denied two other postconviction motions, but Carter forfeited appellate review of the denial of those motions by failing to challenge that aspect of the district court's order on appeal. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

jurisdiction, and we deny authorization to file a second or successive § 2255 motion. *See McRae*, 793 F.3d at 397-400. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED IN PART AND REMANDED*
*WITH INSTRUCTIONS*

3